## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF IOWA; KRISTA KRONSTEIN, in her individual and official capacity as Investigator in the Office of Student Accountability; KRISTAL GIBSON, in her individual and official capacity as Associate Director in the Office of Student Accountability; and TANYA UDEN-HOLMAN, in her individual and official capacity as Associate Provost for Undergraduate Education,<br><br>    Defendants. | **CASE NO. 3:22-cv-00001**<br><br><br><br>**DEFENDANTS' MOTION TO STRIKE AND MOTION TO DISMISS** |

**COME NOW** Defendants University of Iowa ("UI" or "University"); Krista Kronstein, individually and in her official capacity; Kristal Gibson, individually and in her official capacity; and Tanya Uden-Holman, in her official capacity, and submit their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 8(a), or alternately, Rule 12(f), and state to the Court as follows:

1.      Doe filed his Complaint on January 4, 2022, alleging violations of Title IX against the University of Iowa (Count I); violations of Plaintiff's Fourteenth Amendment Equal Protection rights under 42 U.S.C. § 1983 against Defendants Kronstein, Gibson, and Uden-Holman in their individual and official capacities (Count II); as well as violations of Plaintiff's Fourteenth Amendment Due Process rights under 42 U.S.C. § 1983

1

against Defendants Kronstein, Gibson, and Uden-Holman in their individual and official capacities (Count III).

2.      At the outset, Doe's Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a). Specifically, Rule 8(a) requires that a "pleading that states a claim for relief must contain . . . (2) a *short and plain statement* of the claim showing that the pleader is entitled to relief." This is bolstered by Rule 8(d)(1), which states, "Each allegation must be simple, concise, and direct."[1]

3.      Doe's Complaint fails to meet Rule 8's mandate. Throughout his pleading, Doe rambles, accuses, needlessly speculates, opines, and baselessly condemns Defendants. For example, in attempting to convey his belief that UI's investigators applied different credibility standards when evaluating statements by Complainant's witnesses and Doe's witnesses, Plaintiff states:

---

[1] *See Favors v. Louvey*, No. 19-CV-0032, 2019 WL 3043958 (D. Minn. June 18, 2019) (dismissing plaintiff's amended complaint, which ran 105-pages, after plaintiff was given an opportunity to amend his original 118-page complaint to conform with Rule 8(a)); *Verrees v. Davis*, No. 1:16-cv-01392, 2018 WL 1919824 (E.D. Cal. Apr. 24, 2018) (dismissing plaintiff's complaint for failure to comply with Rule 8(a), holding that the complaint was "overlong, convoluted, and contains a great deal of irrelevant information."); *Achagzai v. Broadcasting Bd. of Governors*, 109 F.Supp.3d 67, 71 (D.D.C. 2015) (striking a 226-page complaint and granting plaintiff leave to "excise redundant material and file a streamlined amended complaint"); *Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F.Supp.2d 1304, 1310 (N.D. Ga. 2014) (dismissing a "shotgun complaint," which "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusion . . . [and] also fail to specify which defendant is responsible for each act alleged"); *Prezzi v. Berzak*, 57 F.R.D. 149, 157 (S.D.NY. 1972) ("The Federal rules of Civil Procedure envision a system of simplified pleadings that given notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick disposition of sham claims . . . Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed.").

Thirdly consider this-in the very same investigative report, the fact that the accusing female witnesses' purported versions of the event was considered by the investigators and in their charging report as believable and credible because those versions basically corroborated what the complaining female student, at least in some of her multiple statements prepared and written by the investigators themselves, had to say; that is, alleged consistency in the accounts of what occurred from the involved female student's witnesses are considered to be convincing evidence that the male accused student is guilty of the very acts alleged!-really, one simply can't make this up. The UI and its named investigators, and purely on the basis of sex/gender, consistently in their so-called investigative reports-including the one at issue here-apply convenient "witness credibility findings" and singularly on the basis of sex/gender: (1) if it is a female complaining student, her avowed witnesses are believable because (a) their testimony is consistent, or (b) if inconsistent, it is because that shows they have not "coordinated" (in the sense of colluded) their testimony and hence these witnesses are not biased but instead are credible; in contrast consider the case of a male student who is accused of sexual misconduct, then his avowed witnesses are not believable in the eyes of UI investigators because (a) if their testimony is consistent, that shows bias based on collusion (the shibboleth of "getting their stories straight"); or (b) if their versions of the relevant event are inconsistent-and even on minor points-it shows that what the male student had to say occurred is not believable because what the involved male student has to says is contradicted by his own witnesses. And make no mistake-it is UT' s investigators' modus opperandi to apply these exact "rules" when the situation is reversed; that is, when the female is the supposed party who committed the sexual misconduct and the male is the complaining party (and in this situation, as if by magic, the great proportion of those complaints never see the light of day; they are rejected at the investigatory stage of the proceedings as frivolous or otherwise not supported). And again, let's not be mistaken-the investigators gave credence to the female accusing student's allegations in this very case and based on the purported fact that her witnesses were consistent-that is, as a group, "so similar"-that it indicated what they had to say must be the truth of what actually occurred during the event in question. And yet on the exact same basis the male student John Doe's witnesses were found to be uncredible and not worthy of belief.

Compl. at 14. The purported factual allegations set forth in this paragraph and many

others are incomprehensible and the method of their presentation makes it nearly

impossible for Defendants to comply with their duty under Rule 8(b) to "state in short

and plain terms [their] defenses to each claim asserted against [them]."[2]

4.      In further violation of Rule 8(a) and 8(d)(1), each count of Plaintiff's Complaint improperly incorporates by reference all the preceding paragraphs. *See* Compl. at 20-40. Plaintiff has filed a paradigmatic "shotgun pleading," containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Sagez v. Glob. Agr. Invs., LLC*, No. 11-CV-3059-DEO, 2015 WL 1647921 at *4 (N.D. Iowa Apr. 14, 2015).

5.      "Shotgun pleadings violate Rule 8's requirement to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" and are "especially problematic when pleading numerous causes of actions with substantially different elements." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998) (urging district courts to intervene and prohibit shotgun pleadings, and explaining a 173-paragraph complaint's "general allegations operated as camouflage, obscuring the material allegations of [plaintiff's] claims and necessarily implying that all the allegations were material to each claim.").

6.      Because Plaintiff's Complaint is not "simple, concise, and direct" it should be dismissed under Rule 8(a). Alternately, any "redundant, immaterial, impertinent, or scandalous" statements should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

---

[2] *See Favors,* 2019 WL 3043958 at *2 ("Defendants are required to respond to the substance of each allegation in a pleading, statement by statement, paragraph by paragraph. *See* Fed. R. Civ. P. 8(b). A complaint laden with irrelevant asides complicates that task, unnecessarily wasting resources in the process.").

WHEREFORE, Defendants pray the Court dismiss Plaintiff's Complaint in its entirety for failing to comply with Rule 8(a), or alternately, strike the offending portions of Plaintiff's Complaint pursuant to Rule 12(f).

Respectfully Submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Kayla Burkhiser Reynolds*
KAYLA BURKHISER REYNOLDS
*/s/ Job Mukkada*
JOB MUKKADA
Assistant Attorney General
Department of Justice
Hoover State Office Building, 2nd Floor
1305 E. Walnut Street
Des Moines, IA 50319
Ph:     (515) 725-5390/281-8080
Fax:    (515) 281-4902
kayla.burkhiser@ag.iowa.gov
job.mukkada@ag.iowa.gov
ATTORNEY FOR DEFENDANTS

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on April 20, 2022:

☐ U.S. Mail                    ☐ FAX
☐ Hand Delivery           ☐ Overnight Courier
☐ Federal Express         ☐ Other
☒ CM/ECF

Signature: */s/ Audra Jobst*

---