IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF IOWA; KRISTA KRONSTEIN, in her individual and official capacity as Investigator in the Office of Student Accountability; KRISTAL GIBSON, in her individual and official capacity as Associate Director in the Office of Student Accountability; and TANYA UDEN-HOLMAN, in her individual and official capacity as Associate Provost for Undergraduate Education,<br><br>　　　　Defendants. | CASE NUMBER 3:22-cv-00001<br><br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND DENYING AS MOOT MOTION TO STRIKE |

## I.  INTRODUCTION

Plaintiff alleges Defendants discriminated against him during their investigation into his purported sexual assault of a female student. His pleading, however, contains confusing and overly verbose paragraphs that are unreasonably difficult for Defendants to admit or deny. The Court therefore GRANTS Defendants' Motion to Dismiss without prejudice and directs Plaintiff to amend his Complaint to conform to the requirements of Fed. R. Civ. P. 8, which require a pleading to provide "a short and plain statement of the claim showing the pleader is entitled to relief." Defendants' Motion to Strike is DENIED as moot.

## II.  FACTUAL BACKGROUND

Plaintiff filed his Complaint on January 4, 2022. (ECF 1 (the "Complaint").) He alleges Defendants routinely discriminate against male students during investigations conducted pursuant to Title IX, 20 U.S.C. § 1681 *et seq.* (Complaint, ¶¶ 13-19.) More specifically, he alleges Defendants conducted a sham Title IX investigation into his alleged sexual assault of a female student with the "single goal" of finding him guilty. (Id., ¶¶ 9-19.) Plaintiff brings claims against Defendants Krista Kronstein, Kristal Gibson, and Tanywa Uden-Homan pursuant to 42 U.S.C. §

1

1983, arguing they violated his Fourteenth Amendment Due Process and Equal Protection rights. (Id., ¶¶ 26-40.) He also brings claims under Title IX itself against Defendant University of Iowa. (Id., ¶¶ 20-25.)

Defendants move to strike or dismiss the Complaint for failure to comply with Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim." (ECF 9, ¶ 2.) They argue that many paragraphs of the Complaint "are incomprehensible and the method of their presentation makes it nearly impossible for Defendants to comply with their duty under Rule 8(b) to 'state in short and plain terms [their] defenses to each claim asserted against [them].'" (Id., ¶ 3.) They further argue the Complaint contains impermissible "shotgun pleading" in that it contains broad-brush attacks regarding allegedly improper investigations without specifying who did what and when. (Id., ¶ 4.) In the alternative, Defendants ask the Court to strike any "redundant, immaterial, impertinent, or scandalous" statements pursuant to Fed. R. Civ. P. 12(f). (Id., ¶ 6.)

### III.   LEGAL ANALYSIS

   *A.  Legal Standards.*

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Each allegation "must be simple, concise, and direct." *Id.*, 8(d). These requirements are designed to "give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) (quoting *Redland Ins. Co. v. Shelter Gen. Ins. Cos.*, 121 F.3d 443, 446 (8th Cir. 1997)). Complaints that are unnecessarily verbose and do not allow a party to understand or meaningfully respond to allegations do not meet the Rule 8 standard and are subject to dismissal. *Koll v. Wayzata State Bank*, 397 F.2d 124, 126 (8th Cir. 1968); *Wallach v. City of Pagedale, Mo.*, 359 F.2d 57, 58 (8th Cir. 1966). Similarly, "shotgun pleadings" that do not allow a defendant to discern who, specifically, did what and when are subject to dismissal. *See, e.g.*, *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1016 (S.D. Iowa 2009); *Hatchett v. Reese*, No. C21-0075-LTS-MAR, 2022 WL 1690529, at *3 (N.D. Iowa May 25, 2022).

Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court has "liberal discretion" to strike pleadings, but doing so is an "extreme measure" and viewed with disfavor. *Stanbury Law Firm, P.A. v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000). Allegations may be stricken only "if they

have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Nunes v. Lizza*, 486 F. Supp. 3d 1267, 1299 (N.D. Iowa 2020) (quoting *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 867 (W.D. Mo. 2012)). Allegations "are 'immaterial' if they 'have no essential or important relationship to the claim for relief'" and "'impertinent' when they 'do not pertain to the issues in question.'" *Id*. (quoting *Resolution Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994)). "Scandalous" allegations "are those that cast a derogatory light on someone . . . and bear no relation to the controversy or prejudice the objecting party." *Id*.

  B. *Plaintiff's Complaint Does Not Satisfy Fed. R. Civ. P. 8.*

  While a complaint need not be a model of clarity, it must permit defendants to make a "meaningful response" to the plaintiff's claims. *Miles v. Ertl Co.*, 722 F.2d 434, 435 (8th Cir. 1983). Here, Defendants argue Plaintiff's Complaint is verbose and often "incomprehensible" and, thus, it is difficult, if not impossible, for them to comply with their obligation to respond. (ECF 9, ¶¶ 2-3.) As an example of the allegedly improper pleading, they point to Paragraph 14 of the Complaint, which states, in full:

> Thirdly consider this—in the very same investigative report, the fact that the accusing female witnesses' purported versions of the event was considered by the investigators and in their charging report as believable and credible because those versions basically corroborated what the complaining female student, at least in some of her multiple statements prepared and written by the investigators themselves, had to say; that is, alleged consistency in the accounts of what occurred from the involved female student's witnesses are considered to be convincing evidence that the male accused student is guilty of the very acts alleged!—really, one simply can't make this up. The UI and its named investigators, and purely on the basis of sex/gender, consistently in their so-called investigative reports—including the one at issue here—apply convenient "witness credibility findings" and singularly on the basis of sex/gender: (1) if it is a female complaining student, her avowed witnesses are believable because (a) their testimony is consistent, or (b) if inconsistent, it is because that shows they have not "coordinated" (in the sense of colluded) their testimony and hence these witnesses are not biased but instead are credible; in contrast consider the case of a male student who is accused of sexual misconduct, then his avowed witnesses are not believable in the eyes of UI investigators because (a) if their testimony is consistent, that shows bias based on collusion (the shibboleth of "getting their stories straight"); or (b) if their versions of the relevant event are inconsistent—and even on minor points—it shows that what the male student had to say occurred is not believable because what the involved male student has to says is contradicted by his own witnesses. And make no mistake—it is UI's investigators' modus opperandi to apply these exact "rules" when the situation is reversed; that is, when the female is the supposed party who

> committed the sexual misconduct and the male is the complaining party (and in this situation, as if by magic, the great proportion of those complaints never see the light of day; they are rejected at the investigatory stage of the proceedings as frivolous or otherwise not supported). And again, let's not be mistaken—the investigators gave credence to the female accusing student's allegations in this very case and based on the purported fact that her witnesses were consistent—that is, as a group, "so similar"—that it indicated what they had to say must be the truth of what actually occurred during the event in question. And yet on the exact same basis the male student John Doe's witnesses were found to be uncredible and not worthy of belief.

(Complaint, ¶ 14.)

The Court agrees the Complaint does not satisfy Fed. R. Civ. P. 8. It further agrees that Paragraph 14 is illustrative of the problem. Clocking in at 443 words and almost one-and-one-half pages in length, Paragraph 14 is a series of run-on sentences and sentence fragments that alternates between the investigation into Plaintiff's actions and speculation about investigations into the conduct of other, unnamed "male students," all while using vague terms like "investigators" that may or may not include Defendants. Paragraph 14 also includes unnecessary asides—e.g., "really, one simply can't make this up"—and fails to provide the "simple, concise, and direct" allegations required by Fed. R. Civ. P. 8(d). And all to allege something that could have been captured in one sentence: *Investigations into sexual misconduct are tainted by sex and/or gender bias in which female witnesses are found credible for the same reasons male witnesses are found non-credible.*

Similar flaws are found in other paragraphs. Paragraph 13, for example, contains perhaps the longest single sentence (178 words) the Court has ever seen in a pleading:

> And that secondly segues into how these investigators routinely approach these cases—whether the male is a complaining party or, as in this case, an accused party—the UI investigators do not work multiple times, let alone even cursory on the single time, that they "interview" the male party's witnesses—those witnesses are summarily dismissed as it pertains to credibility and on either on or the other of two contradictory grounds: first, if there are substantive deviations in the statements of the witnesses in support of the male student (either accused or complaining), then those witnesses by the investigators, and particularly including the investigators named in this complaint, are dismissed as contradictory (and hence not believable); in contrast, if those witnesses' statements are in the main consistent—that is, supportive of the male student's version of the events in question—then these investigators routinely dismiss the validity of these statement on the basis, of all things, bias; and that purportedly is because any consistency among witnesses on behalf of a male student must be the result of such.

(Complaint, ¶ 13.) Paragraph 16 is a long-winded diatribe (more than 330 words in length) asserting, in essence, that hearings are tainted by bias against males. (Id., ¶ 16.) Paragraph 17 is an even *longer*-winded diatribe (more than 380 words in length) asserting the same thing. (Id., ¶ 17.)

Plaintiff argues his Complaint satisfies the requirements of Fed. R. Civ. P. 8 because, in its entirety, it is relatively short. But this is not the governing standard. Rather, the Court must decide whether the pleading puts Defendants on notice of Plaintiff's allegations and allows them adequate opportunity to respond. *See Koll*, 397 F.2d at 126-27. The pleading here misses the mark, particularly on the "adequate opportunity to respond" prong. Many paragraphs (like those identified above) are long, confusing, redundant, and full of run-on sentences that mix factual allegations with editorial asides. They also often intermix allegations about the specific circumstances of Plaintiff's case with broadside allegations about how the University of Iowa "constantly" or "universally" or "routinely" handles investigations into alleged sexual misconduct. Defendants cannot reasonably be expected to respond to these allegations in their current form. *See, e.g.*, *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (affirming dismissal of complaint that was "unreasonably verbose, confusing, and conclusory"); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (affirming dismissal of complaint that was "needlessly long, repetitious and confused"). The Court therefore GRANTS the motion to dismiss without prejudice and with leave to amend.

"Without prejudice" and "with leave to amend" are, of course, important. *Michaelis*, 717 F.2d at 438-39 ("Ordinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend."). The Court understands the main thrust of what Plaintiff is trying to allege and is not suggesting he has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Moreover, many of the paragraphs of his pleading satisfy Rule 8, including Paragraphs 1 through 10 and 20 through 40. But the other paragraphs are unacceptable in their current form and must be amended (if not cut out altogether) to make them shorter and more concise.[1] Simply stated, the pleading needs more Hemingway, less Faulkner. *See* Thomas W. Werner, *Life Lessons Learned*

---

[1] "[T]he better practice would be 'to plead separate factual allegations in separate paragraphs'" because paragraphs containing multiple factual assertions "lend themselves to convoluted answers[.]"*Leonard v. Lentz*, No. 17-CV-3037-LRR, 2017 WL 11453698, at *4 (N.D. Iowa Aug. 8, 2017) (quoting *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013)).

*Along the Way: The Case of Hemingway v. Faulkner*, MaddinHauser.com (Nov. 1, 2016), https://maddenhauser.com/life-lessons-learned-along-the-way-the-case-of-hemingway-v-faulkner/ ("Hemingway is widely identified within (and outside of) the literary community as a writer of short, concise sentences comprised of simple to understand words . . . By contrast, Faulkner eschewed simple phrasing for verbiage and sentence structure that would challenge even the most well-read of his audience.").

### IV.   CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss without prejudice but gives Plaintiff leave to amend to bring the pleading into conformance with Fed. R. Civ. P. 8. Defendants' Motion to Strike is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: September 2, 2022

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE