IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF IOWA; KRISTA KRONSTEIN, in her individual and official capacity as Investigator in the Office of Student Accountability; KRISTAL GIBSON, in her individual and official capacity as Associate Director in the Office of Student Accountability; and TANYA UDEN-HOLMAN, in her individual and official capacity as Associate Provost for Undergraduate Education,<br><br>  Defendants. | CASE NO. 3:22-cv-00001<br><br>**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** |

In support of their Motion for Summary Judgment, Defendants state there is no genuine dispute as to the following material facts:

**I.  Parties**

1.  Plaintiff is a former UI student. (App. 1271, at 99:16-23).

2.  Defendant University of Iowa ("University" or "UI") is a public institution of higher education based in Iowa City, Iowa. *See* Iowa Code Ch. 263.

3.  Defendant Krista Kronstein is a Title IX and Gender Equity Investigator in UI's Office of Institutional Equity. (Doc. 13, ¶ 3). Kronstein was assigned to investigate the sexual assault allegations made against Plaintiff. (App. 01).

4.  Defendant Kristal Gibson was a Title IX Associate Director in the Office of Student Accountability at UI at the time of the events described in Plaintiff's First

1

Amended Complaint. (Doc. 13, ¶ 4). Gibson assisted Kronstein in investigating the complaints against Doe and served as the Charging Officer for UI during Plaintiff's student misconduct process. (App. 01, 115).

5.  Defendant Tanya Uden-Holman is an Associate Provost for Undergraduate Education and Dean for the University College. (Doc. 13, ¶ 5). Uden-Holman decided Plaintiff's internal appeal. (App. 287-313).

## II. Other Individuals Mentioned Herein

6.  Kristin Parks[1] is an adjudicator for UI and was assigned to Plaintiff's student misconduct case. (App. 115-17).

7.  Monique DiCarlo is UI's Sexual Misconduct Response and Title IX Coordinator. (App. 01-03). DiCarlo took Complainant's sexual assault report. (*Id.*).

8.  Angela Ibrahim-Olin is an Assistant Dean and Director of Student Accountability. Ibrahim-Olin assigned Kronstein and Gibson to investigate the complaints against Doe and assigned Parks as the hearing adjudicator. (App. 01-03, 115-17).

9.  "Complainant" was a female undergraduate student and the reporting party in Plaintiff's student misconduct case. (Doc. 12, ¶ 9).

10. Mark Braun is the Executive Director of the Board of Regents, State of Iowa. *See* Executive Director | Board of Regents State of Iowa (iowaregents.edu). The Board of Regents, under Braun's leadership, denied Plaintiff's appeal and upheld the University's process. (App. 427).

---

[1] Formerly known as Newark.

### III. Title IX Investigation

11. UI maintains policies governing student conduct, as well as robust anti-harassment, anti-discrimination, and anti-retaliation policies. (App. 428-83).

12. UI also maintains a document titled "Student Misconduct Procedure," which outlines the process for investigation and resolution of "alleged violations of University policies by students." (App. 448-67).

13. On December 23, 2019, Complainant reported to DiCarlo that she was sexually assaulted following a Halloween Party held on October 31, 2019. (App. 01-02).

14. That same day, Gibson and Kronstein were assigned to the case, with Kronstein leading the investigation. (App. 01-03).

15. Gibson and Kronstein met with Complainant on January 14, 2020. (App. 04-08; App. 01).

16. During the months of February and March 2020, the investigators interviewed several witnesses. (App. 09-21, 25-32 (notes from 10 witness interviews)).

17. On February 24, 2020, Kronstein issued a "Notice of Complaint and Investigation" to Plaintiff, informing him that Complainant had filed a formal complaint of sexual assault against him and that the University was initiating a formal investigation into the allegations. (App. 22-24).

18. The Notice of Complaint also notified Plaintiff that a No-Contact Directive between himself and Complainant was in effect, and that the University's Anti-Retaliation Policy applied in his case. (App. 23).

19. Further, the Notice of Complaint informed Plaintiff that he could request reconsideration of interim measures as outlined in Section 5 of the Student Misconduct Procedure. (App. 23).

20. On September 14, 2020, Kronstein and Gibson's Investigative Report was submitted to Ibrahim-Olin. (App. 67-114). The Report relayed the Investigators' finding that Plaintiff had violated "Code of Student Life Rules D.13 Violation of University Policy, Section 2.3(e) Sexual Assault and D.23 Assaultive Behavior" and recommended Plaintiff be suspended. (*Id.*).

21. The Investigators also recommended that the case proceed to formal hearing. (App. 96).

22. Notice of the Investigators' findings were sent to Plaintiff and Complainant on September 14, 2020. (App. 63-66).

## IV.  Prehearing Proceedings

23. On September 24, 2020, Ibrahim-Olin assigned Kristin Parks to be the Adjudicator on Doe's case. (App. 115-20).  That same day, she also notified Plaintiff and Complainant of Parks's appointment and of the tentative hearing dates. (*Id.*).

24. The letter also outlined the hearing procedures. (*Id.*).

25. Specifically, it noted that:

> The facts and circumstances supporting the allegation were described in the Investigation Report. Please be advised that the Adjudicator's authority to determine the facts of the case is not limited to the findings outlined in the report. As the Charging Officer, Ms. Gibson reserves the right to supplement the list of witnesses and the list of exhibits with additional exhibits and witnesses. In the event the list is changed, you would be notified in a timely manner.
>
> During the hearing, each party will have the opportunity (1) to present their account of the alleged incident; (2) to present witnesses and evidence on their behalf; (3) to hear a witness testify if a witness appears and testifies; (4) to review and comment on any documents or other evidence submitted as evidence at the hearing; (5) to have an attorney and/or advocate attend the hearing; and (6) to submit to the hearing officer questions for witnesses on topics that are relevant, material, and not unduly repetitive.
>
> During the proceeding, the Adjudicator will ask questions of each witness.

> Prior to the hearing, Ms. Gibson will submit a list of proposed questions to the Adjudicator to be read to you and to the other witnesses. When another person is testifying, you will have the opportunity to submit proposed questions to the Adjudicator.

(App. 116).

26. Pretrial conferences were held on October 7 and October 26, 2020. (App. 123-35).

27. Plaintiff's attorneys Trever Hook and William Kutmus attended, as did Parks, Gibson, and Plaintiff. (*Id.*).

28. In an email summarizing the October 7, 2020, pretrial hearing, Parks described her role as Adjudicator:

> *It should be noted that under the University of Iowa's 2019-2020 procedures the "adjudicator's role is to address prehearing matters, to preside over the hearing, to ask questions of the witnesses, to resolve evidentiary issues and disputes, and to ultimately determine whether a University policy violation has occurred." Constitutional issues can and should be made for the purposes of a record but will only be noted and not decided by the adjudicator…

(App. 126).

29. Gibson submitted the University's witness and exhibit list on October 26, 2020. (App. 125).

30. Gibson also sent the applicable rules and procedures that would apply at the upcoming hearing. (*Id.*).

31. Plaintiff's attorneys also submitted their witness and exhibit list. (App. 174).

32. During the October 26, 2020, pretrial conference, Parks acknowledged that Plaintiff's attorneys had submitted written objections to conducting the hearing under the 2019-2020 rules rather than the rules enacted

5

on August 14, 2020. (SOF ¶ 28; *see* App. 121-22). Parks noted Counsel's objections and decided to proceed under the 2019-2020 rules and procedures. (*Id.*).

33. Parks further instructed that expert witness testimony would be allowed and noted the University's objection to that testimony for the record. (*Id.*).

34. Parks also stated that the decision regarding character witnesses would be made at the hearing. (*Id.*).

35. On October 27, 2020, Plaintiff's attorneys submitted the CV for their expert witness, psychiatrist Dr. Donner Dewdney. (App. 124).

36. Plaintiff's attorneys submitted their questions for the University's witnesses on November 6, 2020. (App. 136-51).

37. The University submitted its questions for Respondent's witnesses on November 7, 2020. (App. 152-57).

**V. Hearing**

38. The three-day Zoom hearing was held on November 9, 10, and 11, 2020. (App. 484-1426).

39. The Zoom hearing was video recorded and transcripts have been made of their contents. (*Id.*).

40. During the hearing, the Adjudicator heard from thirteen witnesses, including Doe and his expert. (*Id.*).

41. Doe was represented by counsel throughout the hearing. (App. 1484, at 59:2-6).

42. Doe's attorneys made objections and arguments on his behalf throughout the hearing. (App. 1484, at 59:7-15; 61:8-15).

43. Doe was allowed to present witnesses on his behalf during the

hearing, including one expert witness. (App. 1484, at 59:16-60:10).

44.     Both parties submitted additional questions for witnesses during the course of the hearing. (App. 175-87); (App. 1484, at 60:11-25).

45.     Parks was present throughout the hearing and appeared to listen to evidence and review exhibits during the hearing. (App. 1484, at 61:1-7).

46.     Closing arguments were made on November 16, 2020. (App. 484-1426).

47.     The adjudicator's decision was released on January 5, 2021. (App. 188-229). The report was amended due to a redaction oversight and released again on January 7, 2021. (App. 230, 234).

48.     In her report, the Adjudicator found, by a preponderance of the evidence, that:

> Sometime throughout the evening of October 31, 2019 and into the early morning hours of November 1, 2019:
>
> 1. The Reporting Student was incapacitated due to the influence of alcohol or other drugs;
>
> 2. That the Responding Student engaged in sexual activity with the Reporting Student, whom he knew or reasonably had a basis to know was incapacitated.
>
> 3. That the sexual activity involved penal penetration.
>
> Accordingly, the undersigned finds the Responding Student is responsible for violating Rule D.13 and Rule D.23 of the Code of Student Life. This includes violating Rule 2.3 of the Policy on Sexual Misconduct, Dating/Domestic Violence, or Stalking Involving Students.

(App. 227).

49.     Ibrahim-Olin issued sanctions on the same day, expelling Plaintiff from the University effective immediately. (App. 231-33, 235-36).

7

50. In her sanctions letter, Ibrahim-Olin included information describing the appeal procedures and instructed Doe that any petition appealing the Adjudicator's decision "must be received no later than ten (10) business days following the decision date." (App. 232).

## VI. Appeal to Provost

51. Plaintiff submitted his petition appealing the adjudicator's decision on January 22, 2021. (App. 237-61).

52. The Complainant declined to submit a response to his appeal. (App. 280).

53. Ibrahim-Olin notified the parties that the Associate Provost would "review all of the evidence before issuing their decision, which will be based on the totality of the record." (App. 281-82).

54. The Associate Provost was Tanya Uden-Holman. (SOF ¶ 5).

55. Uden-Holman's decision was due within ten (10) days following the receipt of the appeal. (*Id.*).

56. Uden-Holman requested two extensions to submit the appeal decision. (App. 283-86).

57. Uden-Holman's appeal decision was submitted on February 25, 2021. (App. 287-313).

58. In her decision, Uden-Holman upheld the Adjudicator's decision and imposed sanctions. (*Id.*).

59. The parties were notified of their right to appeal the Associate Provost's decision to the Board of Regents. (App. 312-14).

## VII. Appeal to the Board of Regents

60. Plaintiff's appeal to the Board of Regents was submitted on March 5, 2021.

(App. 315-39).

61. The University had twenty (20) days to file the institutional record and a written response. (App. 340-41).

62. Complainant had twenty (20) days to file a written response. (*Id.*).

63. On March 19, 2021, the University submitted its written response to the appeal with exhibits A and B attached. (App. 342-415).

64. The Board issued a scheduling order on March 26, 2021, outlining due dates for objections and requests to supplement the record, as well as written briefs. (App. 416-17).

65. On March 27, 2021, Plaintiff submitted his brief. (App 418-20).

66. The Board revised the scheduling order extending the deadline for Complainant's and the University's written briefs to April 20, 2021. (App. 421-22).

67. The University submitted its brief on April 18, 2021. (App. 423-26).

68. On June 4, 2021, the Board unanimously affirmed the Associate Provost's decision. (App. 427).

69. The Board's decision constituted final agency action. (*Id.*).

Respectfully Submitted,

**BRENNA BIRD**
Attorney General of Iowa

***/s/ Kayla Burkhiser Reynolds***
KAYLA BURKHISER REYNOLDS
***/s/ Adam Kenworthy***
ADAM KENWORTHY
Assistant Attorneys General
Department of Justice
Hoover State Office Building, 2nd Floor
1305 E. Walnut Street
Des Moines, IA 50319
Ph: 	(515) 725-5390/654-6562
Fax: 	(515) 281-4902
kayla.burkhiser@ag.iowa.gov
adam.kenworthy@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on June 20, 2023:

- ☐ U.S. Mail
- ☐ Hand Delivery
- ☐ Federal Express
- ☒ ECF System Participant (Electronic Service)
- ☐ FAX
- ☐ Overnight Courier
- ☐ Email

Signature: */s/Audra Jobst*