**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF IOWA; KRISTA KRONSTEIN, in her individual and official capacity as Investigator in the Office of Student Accountability; KRISTAL GIBSON, in her individual and official capacity as Associate Director in the Office of Student Accountability; and TANYA UDEN-HOLMAN, in her individual and official capacity as Associate Provost for Undergraduate Education,<br><br>  Defendants. | **CASE NO. 3:22-cv-00001**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

**COME NOW**, Defendants, and submit their reply to Plaintiff's Resistance to Defendants' Motion for Summary Judgment, and in support thereof state to the Court as follows:

**I.   Title IX**

Doe offers a convoluted description of the legal framework in this case, but ultimately agrees with UI that to survive Defendants' summary judgment motion he must establish that he was disciplined not because of his actions, but because he is male. *See* Doc. 39 (Defs.' Brief) at p. 15-16. Doe also appears to agree with UI that some types of relevant evidence that might aid his claims include proof of inconsistencies in credibility determinations, unequal procedural treatment, and whether the evidence was sufficiently substantial to support UI's decision. Doc. 44-3 at 5-6. Despite having access to the

1

extensive record in this case, which includes hundreds of pages of investigation notes, hearing transcripts and videos, and written analysis by UI officials, Doe comes nowhere close to demonstrating that he was expelled because of his sex. No rational juror could side with him if presented with his claims. *See* Defs.' Responses to Plf.'s Statement of Disputed Facts; *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (MSJ standard).

As explained in Defendants' opening brief, a Plaintiff may make a showing that he was disciplined based on his sex using various types of proof. Here, Doe agrees that his claims fit into an "erroneous outcome" method of analysis, but argues that he is also asserting claims under a "deliberate indifference" theory rather than a selective enforcement theory. Doc. 44-3 at 3-4. Notably, the deliberate indifference method of analysis exists to aid the court in application of the law in cases where a student has complained to an educational institution about harassment or discrimination and the institution has (allegedly) failed to act. *See Nissan v. Cedar Falls Community School District*, No. 20-CV-2098-CJW-MAR, 2022 WL 873612, at *8-9 (N.D. Iowa March 23, 2022) (slip opinion) (setting forth well-established standards for a deliberate indifference claim). There is no evidence in this record that Doe was harassed in UI's programs, that he reported the harassment or that UI was aware that harassment existed, or that UI was deliberately indifferent to the nonexistent harassment. Doe criticizes UI for analyzing "the allegations of the first amended complaint—and not the discovery taken in this case." Plaintiff is the master of his complaint. If he has particularized claims, it is his duty to state them clearly in his pleadings—not to leave Defendants to attempt to ascertain his legal theories through his scant discovery and confusing deposition testimony.

Doe goes on to summarize the facts which he believes entitle him to a trial in this case. First, he claims that his "position" was supported by substantial evidence that the Complainant was not incapacitated and that Doe could not have known that she was incapacitated. Doc. 44-3 at 7-8. The evidence Doe highlights in his statement of facts is cherry-picked and easily discredited when placed in its proper context. *See* Defs.' Responses to Plf.'s Statement of Disputed Facts ¶¶ 10-23.

Second, Doe argues that the investigative report was "impermissibly slanted against Doe[.]" Doc. 44-3 at 8. He claims that the report was "impermissibly slanted" because of the manner in which the investigators assessed Doe's witnesses' credibility. Setting aside the fact that the Investigators' Report was not the dispositive document in this case (which was decided by the adjudicator and later affirmed by the provost), Doe's claims about a "slanted report" are also easily disproven. As discussed in Defendants' brief, Doe's witnesses were not found to lack credibility because of their sex, but rather, because they appeared to be collaborating to provide identical testimony to the investigators. *See* Defs.' Responses to Plf.'s Statement of Disputed Facts ¶¶ 1-9. Doe had the opportunity to depose the investigators and the adjudicator to delve more deeply into their rationale for making credibility determinations, but he did not do so. He may not now speculate about their thought processes and present that speculation as fact.

Third, Doe claims that Complainant's "own witnesses" did not believe that she was intoxicated. In his Statement of Disputed Facts, Doe claims that both Witness E and Witness I told the investigators that the Complainant was not incapacitated. This is a wild overstatement and mischaracterization of the evidence. *See* Defs.' Responses to Plf.'s Statement of Disputed Facts ¶¶ 14-15. Both witnesses were either very intoxicated themselves or distracted by taking care of other intoxicated friends. (*Id.*). Neither stated

with any degree of certainty that the Complainant was not intoxicated or incapacitated—in fact, they claimed that they were aware that Complainant had been drinking and using marijuana the night of the assault. (*Id.*).

Finally, Doe complains that his "well-credentialed" expert's testimony was "summarily not considered." Doc. 44-3 at 10. This claim is blatantly false. Both the adjudicator and the provost analyzed Dr. Dewdney's testimony in detail. (App. 215-20 (adjudicator); App. 292-93 (provost)). The fact that they did not find the testimony helpful, persuasive, or compelling is not evidence that they failed to consider it, or that they declined to consider it because Doe is a man.

Doe has failed to provide any evidence which raises an issue of material fact regarding whether he was expelled from the University of Iowa because of his sex in violation of Title IX. As a result, this Court should grant Defendants' motion and dismiss his Title IX claim.

## II. Due Process

### A. Substantive Due Process

Doe in effect fails to resist Defendants' Motion for Summary Judgment on his Substantive Due Process claim. Doc. 44-3 (Plf. Resistance) at 11-12. He does not argue or establish that the right to attend a post-secondary educational institution is a fundamental right protected by the U.S. Constitution. *See* Doc. 29-1 (Defs.' MSJ Brief) at 40-45. He does not argue or establish that the individual Defendants were deliberately indifferent to his protected rights or that their actions shocked the conscience. Doc. 44-3 at 11-12. Because Doe has failed to resist Defendants' motion on his substantive due process claim, it should be dismissed.

### B. Procedural Due Process

Doe argues that his procedural due process claim survives Defendants' motion for summary judgment on four issues:

> (1) the ignoring of Doe's substantial evidence on the issues of incapacitation, knowledge of the same, and "should have known" (context clues) of the same; (2) the predetermined credibility determinations; (3) the evidence even from the accusing female student's side that supported Doe on these issues; and (4) the expert testimony matter[.]

Doc. 44-3 at 12. As discussed above, in Defendants' opening brief, and in response to Plaintiff's Statement of Additional Facts, Plaintiff's complaints about these topics are either meritless or a blatant misrepresentation of the evidence. Doe received the process due him under the U.S. Constitution and his due process claim should be dismissed.

## CONCLUSION

For all the reasons set forth in their Motion for Summary Judgment and this Memorandum, Defendants respectfully request the Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's case in its entirety.

Respectfully Submitted,

**BRENNA BIRD**
Attorney General of Iowa

***/s/ Kayla Burkhiser Reynolds***
KAYLA BURKHISER REYNOLDS
***/s/ Adam Kenworthy***
ADAM KENWORTHY
Assistant Attorneys General
Department of Justice
Hoover State Office Building, 2nd Floor
1305 E. Walnut Street
Des Moines, IA 50319
Ph:     (515) 725-5390/654-6562
Fax:    (515) 281-4902
kayla.burkhiser@ag.iowa.gov
adam.kenworthy@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on July 24, 2023:

| | |
|---|---|
| ☐ U.S. Mail | ☐ FAX |
| ☐ Hand Delivery | ☐ Overnight Courier |
| ☐ Federal Express | ☐ Other |
| ☒ CM/ECF | |

Signature: */s/ Audra Jobst*